AZADIAN LAW GROUP, PC
GEORGE S. AZADIAN (SBN 253342)
EDRIK MEHRABI (SBN 299120)
790 E. Colorado Blvd., 9th Floor
Pasadena, California 91101
Ph.:   (626) 449-4944
Fax:   (626) 628-1722
Email: George@azadianlawgroup.com

Attorneys for Plaintiff,
DAVID VALKO

# UNITED STATE DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID VALKO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>RAYTHEON NON-BARGAINING RETIREMENT PLAN; KELLY B. LAPPIN RAYTHEON COMPANY; and RAYTHEON COMPANY<br><br>Defendants. | CASE NO.: 2:18-cv-1230<br><br>**PLAINTIFF'S COMPLAINT FOR EQUITABLE RELIEF UNDER 29 U.S.C. § 1101, ET SEQ. (ERISA)** |

**PLAINTIFF'S COMPLAINT**

Plaintiff David Valko ("Plaintiff") alleges as follows on knowledge as to himself and his own acts/interactions, and on information and belief as to all other matters:

## INTRODUCTION AND NATURE OF ACTION

1. Plaintiff was a loyal employee of Raytheon Company for over thirty years. As he started to think about when he could retire and to better plan his savings for retirement, Plaintiff requested information about how much his retirement benefits would be from those responsible for managing the retirement plans. Plaintiff received detailed information and statements about his benefit amounts and relied on that information for years by conducting his spending, determining his other savings for retirement and amounts he needed to retire, and deciding to work for a certain continued period before retiring.

2. Years later, the time came to retire. In the process of finalizing his retirement plans, Plaintiff again requested and received information about how much his retirement benefits would be from those responsible for managing the retirement plans. The information and statements provided to Plaintiff were in line with the amounts stated to him years prior. Plaintiff filled out all of his retirement elections, retired from the job he loved for decades, and started enjoying his retirement.

3. About a month into his retirement, Plaintiff was informed that there was a mistake made by those responsible for managing the retirement plans and that Plaintiff was actually going to receive $714,020.40 less in retirement benefits (not including the interest that would be earned on those retirement benefits). Through absolutely no fault of his own, Plaintiff is now in a position where he and his family are underfunded for retirement, his wife must continue to work, he has to forgo the pleasures he worked so hard for that were promised to him, and Plaintiff has to consider working during retirement. Plaintiff was also forced to

-1-
**PLAINTIFF'S COMPLAINT**

agree never to become an employee of Raytheon Company again in the future as part of his retirement elections.

## JURISDICTION AND VENUE

4. This Court possesses subject matter jurisdiction pursuant 28 U.S.C. § 1331 due to the action arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). 29 U.S.C. § 1001, et seq., and more particularly § 1132(a)(3).

5. Venue is proper in this District under 29 U.S.C. § 1132(e) because the events giving rise to the above-captioned action occurred in this District.

## PARTIES & FIDUCIARY STATUS OF DEFENDANTS

6. At all times relevant, Plaintiff was and is a resident of the State of California. At all times relevant hereto, Plaintiff was a "participant" as defined by 29 U.S.C. § 1002(7) of the Raytheon Non-Bargaining Retirement Plan.

7. The Raytheon Non-Bargaining Retirement Plan (the "Plan") is a "employee pension benefits plan" within the meaning of 29 U.S.C. § 1002(2). Pursuant to 29 U.S.C. § 1132(d), the Plan is named as Defendant in this action. (The Plan is attached hereto as **Exhibit 1**.)

8. At all times relevant, according to the Plan's Form 5500 filings (Annual Return/Report of Employee Benefit Plan), the Plan's Administrator is "KELLY B. LAPPIN RAYTHEON COMPANY" and the Plan's Administrator's IRS's Employee Identification Number is 95-1778500, which is the IRS's Employee Identification Number for Raytheon Company.

9. Raytheon Company is a corporation organized and existing under the laws of Delaware, with its principal place of business located at 870 Winter Street, Waltham, Massachusetts 02451.

10. Plaintiff is informed and believes that, at all times relevant, Defendant KELLY B. LAPPIN RAYTHEON COMPANY and Defendant Raytheon

-2-
**PLAINTIFF'S COMPLAINT**

Company (together, the "Plan's Administrators") were each a fiduciary as defined under 29 U.S.C. § 1002(21) and acting as the Plan's Administrators because:

   a. "KELLY B. LAPPIN RAYTHEON COMPANY" is designated as the Plan's Administrator on the Plan's Form 5500 filings.

   b. The IRS Employee Identification Number provided on the Plan's Form 5500 filings for the "Administrator's EIN" is the IRS's Employee Identification Number for Raytheon Company.

   c. Section 5.1 of the Plan provides that: "The Administrator shall conduct the general administration of the Plan in accordance with the Plan and shall have the discretionary power and authority to carry out that function including the following powers and authority: (a) To determine questions of eligibility of Participants and the entitlement to Benefits of Participants, Former Participants, Beneficiaries, Contingent Annuitants and all other persons. . . . (c) To interpret and construe the terms of the Plan. (d) To conduct claims procedures as provided in Section 5.11. (e) To delegate any power or duty to any other person or persons . . . ."

   d. Section 6.10 of the Plan provides that: "**Names Fiduciaries.** (a) The Administrator . . . shall be named fiduciaries within the meaning of ERISA and, as permitted or required by law, shall have exclusive authority and discretion to control and manage the operation and administration of the Plan within the limits set forth in the Plan and the Trust Agreement, subject to proper delegation. The Administrator shall have full discretionary authority to determine eligibility for benefits and to construe the terms of the Plan."

   e. Section 6.12 of the Plan provides that: "At the request of a Participant or Former Participant, the Administrator shall furnish a statement

setting forth his Accrued Benefit and such other information as the Administrator shall deem it advisable to furnish . . ."

    f. Plaintiff is informed and believes that Raytheon Company through the "Raytheon Benefit Center" provided all Plan documents and statements to Plaintiff. Such communications with participants are a fiduciary function under ERISA.

    g. Plaintiff is informed and believes that Raytheon Company through the "Raytheon Benefit Center" furnished Plaintiff the false statements that are the basis of this action relating to his retirement benefits, determined the question of whether Plaintiff was entitled to the benefits at issue, conducted the claims procedure set forth in the Plan as it pertains to Plaintiff's dispute, interpreted and construed the Plan as it pertains to Plaintiff's dispute, and denied Plaintiff's claim and directed him of his right to file this lawsuit.

## PLAINTIFF'S FACTUAL ALLEGATIONS

11. Plaintiff was a dedicated employee of Raytheon Company for over thirty years.

12. In 2015, as he neared retirement age, Plaintiff requested and was provided with detailed information from the Raytheon Benefit Center about the amount of his monthly pension benefits through the two different retirement plans at Raytheon that Plaintiff participated in, including the Plan.

13. The detailed information provided to Plaintiff in the form of a bound Retirement Kit stated that Plaintiff would receive a monthly annuity in the amount of $24,115.29 for five years through the Plan. (Attached hereto as **Exhibit 2** is the referenced pages from the Retirement Kit provided to Plaintiff in 2015.)

14. Plaintiff relied on this information to his detriment in conducting his spending, determining his other savings for retirement and amounts he needed to retire, and deciding to work for a certain continued period before retiring.

-4-

15. A couple years later, based on the promises made to him and his careful planning based on those promises, Plaintiff retired on November 1, 2017.

16. Prior to retiring, Plaintiff again confirmed the amount of his pension benefits and received detailed information from the Raytheon Benefit Center that he would receive a monthly annuity in the amount of $27,816.68 for five years. This amount was in line with the prior amount disclosed to Plaintiff given his continued years of service and plan participation.

17. As instructed, Plaintiff signed and completed his retirement forms selecting the above annuity payment and a retirement date of November 1, 2017. (Attached hereto as **Exhibit 3** are the referenced pages of the retirement package selecting the retirement benefits that had been calculated for Plaintiff by the Plan's Administrators.)

18. Over a month after retiring, while Plaintiff was enjoying a trip, he received a phone call from the Raytheon Benefit Center informing him that the amount repeatedly represented to Plaintiff was incorrect and that instead of receiving $27,816.68 a month for five years, Plaintiff would be receiving $15,916.34 a month for five years. Accordingly, Plaintiff was told that he was actually going to receive $714,020.40 less in retirement benefits (not including the interest that would be earned on those retirement benefits).

19. Unlike the Plan's Administrators, Plaintiff was not in a position to interpret the terms of the Plan, determine based on the complex formulas contained in the Plan his entitled to benefits under the Plan, or determine a reasonable estimate of those benefits without the statements provided to him by the Plan's Administrators.

20. Plaintiff has been damaged and continues to suffer damages based on the information and statements provided by the Plan's Administrators years in advance during preparations for retirement. More specifically, Plaintiff relied on the retirement benefit figures he received in 2015 as being reasonably certain

-5-

**PLAINTIFF'S COMPLAINT**

estimates in conducting his spending, determining his other savings for retirement and amounts he needed to retire, and deciding to work until November 1, 2017 with an anticipated smooth transition into retirement. Similarly, Plaintiff again relied on the consistent retirement benefit information and statements provided by the Plan's Administrators in 2017 in finalizing his retirement.

21. Plaintiff is now in a position where he and his family are underfunded for retirement, his wife must continue to work, he has to forgo the pleasures he worked so hard for that were promised to him, and Plaintiff has to consider working during retirement. Plaintiff was also forced to agree to never to become an employee of Raytheon Company again in the future as part of his retirement elections.

22. The Plan's Administrators breached their fiduciary duties to Plaintiff and engaged in gross negligence by providing inaccurate information regarding pension benefits that it knew Plaintiff would rely on in making retirement plans, by failing to provide reasonable and professional competent oversight over the statements related to Plan benefits sent to Plaintiff, not having effective measures to ensure such important information regarding pension benefits was communicated accurately to Plaintiff for a period of over two years, only informing Plaintiff of its negligence after he already retired in reliance on the statements made to him, and related acts and omissions.

## FIRST CLAIM
## BREACH OF FIDUCIARY DUTY, DETRIMENTAL RELIANCE, EQUITABLE ESTOPPEL
## FOR VIOLATIONS OF 29 U.S.C. §§ 1104(a), 1105, 1132(a)(3)
## (AGAINST ALL DEFENDANTS)

23. Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

24. Plaintiff exhausted the claims procedure set forth in the Plan and as required of him by the Plan's Administrators. After Plaintiff was informed of the misstatement of his benefits over the phone by the Plan's Administrators through the Raytheon Benefit Center, he received a confirming letter from the Raytheon Benefit Center advising him of his rights under the Plan to appeal the decision. (The referenced December 6, 2017 letter to Plaintiff from the Raytheon Benefit Center is attached hereto as **Exhibit 4**.) On or about December 13, 2017, Plaintiff submitted his appeal. (Plaintiff's referenced appeal is attached hereto as **Exhibit 5**.) On or about December 22, 2017, Plaintiff received a letter denying his appeal and advising him of his right to contest the decision through a civil claim under ERISA. (The referenced December 22, 2017 letter to Plaintiff is attached hereto as **Exhibit 6**.)

25. 29 U.S.C. § 1104(a)(1), requires that a plan fiduciary discharge its duties with respect to a plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries, with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

26. 29 U.S.C. § 1105(a), provides that in addition to any liability which a fiduciary with respect to a plan may have under other provisions in ERISA, the fiduciary shall also be liable for a breach of fiduciary responsibility by another fiduciary of the plan (1) if he or she participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach, (2) if by his or her failure to comply with 29 U.S.C. § 1104(a)(1) in the administration of his or her specific responsibilities which give rise to his or her status as a fiduciary, he or she has enabled such other fiduciary to commit a breach, or (3) if he or she has knowledge of a breach by such other

fiduciary, unless he or she makes reasonable efforts under the circumstances to remedy the breach.

27. 29 U.S.C. § 1132(a)(3), permits a plan participant, beneficiary, or fiduciary to bring an action to redress violations and/or enforce provisions of Title I of ERISA.

28. A fiduciary breaches their fiduciary duty when they make statements they do not know are true, even if there is no intentional misrepresentation made. See Wayne v. Pac. Bell, 238 F.3d 1048, 1055 (9th Cir. 1999) ("A person actively misinforms by saying that something is true when it is not true. But the person also misinforms by saying that something is true when the person does not know whether it is true or not. Under this standard, a reasonable factfinder could conclude that Pacific actively misinformed its employees."); see also Reichert v. Time Inc., 11-cv-03592 WHA, 2011 U.S. Dist. LEXIS 127398, at *11 (N.D. Cal. Nov. 3, 2011) (relying on Wayne v. Pac. Bell and holding: "It is therefore not necessary for plaintiff to allege an intentional misrepresentation in order to state a claim for breach of fiduciary duty. Plaintiff has stated sufficient facts to give rise to the inference that Fidelity and the Committee made statements when they did not know if they were true or not. These allegations state a claim for breach of fiduciary duty.").

29. Here, the Plan's Administrators breached their fiduciary duties to Plaintiff and engaged in gross negligence by providing inaccurate information regarding pension benefits that it knew Plaintiff would rely on in making retirement plans, by failing to provide reasonable and professional competent oversight over the statements related to the Plan's benefits sent to Plaintiff, not having effective measures to ensure such important information regarding pension benefits was communicated accurately to Plaintiff for a period of over two years, only informing Plaintiff of its negligence after he already retired in reliance on the statements made to him, and related acts and omissions.

# PRAYER FOR RELIEF

30. WHEREFORE, Plaintiff prays judgment against Defendants as follows:

   a. Pursuant to 29 U.S.C. § 1132(a)(3), an award of equitable monetary relief as will make Plaintiff whole for the harm he has suffered as a consequence of Defendants breaches of fiduciary duty;

   b. Pursuant to 29 U.S.C. § 1132, and award of attorneys' fees and costs;

   c. For prejudgment interest pursuant to California Civil Code section 3287 and/or California Civil Code section 3288 and/or any other provision of law providing for prejudgment interest; and

   d. For such other and further relief as this Court deems just and proper.

Dated: February 14, 2018         AZADIAN LAW GROUP, PC


                                 By: /s/ George S. Azadian
                                    George S. Azadian
                                    Attorneys for Plaintiff,
                                    DAVID VALKO

**PLAINTIFF'S COMPLAINT**